**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-60428
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

VERSUS

GEORGE NATE BOYD

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(No. 1:99-CR-71)

October 31, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant George N. Boyd was cited for unauthorized fishing within Gulf Islands National Seashore, in violation of 36 C.F.R. § 2.3(d)(4). Boyd contested the citation, arguing that he had a right to fish under Mississippi law and the *Magna Carta*. The district court found Boyd guilty, sentenced him

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a year's probation, and imposed a $2,000 fine.  Boyd made a timely appeal.  We affirm.

Commercial fishing in a national park is unlawful, unless "specifically authorized by Federal statutory law."  *See* 36 C.F.R. § 2.3(d)(4).  The Gulf Islands National Seashore is within the national park system.  *See* 16 U.S.C. § 1c.  Congress has directed the Secretary of the Interior, who is charged with administering the park system, to permit fishing "within the seashore in accordance with applicable Federal and States laws . . . ."  *See id.* § 456h-2.  At the same time, the secretary is permitted to "designate zones where . . . no hunting or fishing will be permitted for reasons of public safety, administration, fish or wildlife management, or public use and enjoyment."  *Id.*  Congress has conferred in the secretary authority to "make and publish such rules and regulations as he may deem necessary or proper for the use and management of the parks . . . ."  *Id.* § 3.  The ban on commercial fishing noted at the outset is such a regulation.  *See* 36 C.F.R. § 1.1.  This and other regulations made by the secretary are supposed "to fulfill the statutory purposes of units of the National Park System: to conserve scenery, natural and historic objects, and wildlife, and to provide for the enjoyment of those resources in a manner that will leave them unimpaired for the enjoyment of future generations."  *Id.* § 1.1(b).

-2-

Based on the foregoing, we think it is abundantly clear that Congress has authorized the Secretary of the Interior to ban commercial fishing within the seashore if he concludes that such a ban would be in accord with the purposes of the park system generally.  Boyd contends that the language contained in 16 U.S.C. § 456h-2 quoted above--stating that the secretary "shall permit hunting and fishing on lands and waters within the seashore"--means that the secretary cannot proscribe commercial fishing.  Relying on this one sentence and ignoring the context in which it appears is antithetical to the norms of statutory interpretation, however.  *See United State v. Grimes*, 244 F.3d 375, 381 (5th Cir. 2001).  Reading § 456h-2 as a whole, and keeping in mind the overarching purpose behind the park system, Congress clearly intended for the secretary to regulate commercial fishing--or ban it all together--if he thinks doing so would conserve scenery and wildlife and "leave them unimpaired for the enjoyment of future generations."  This being so, we must defer to the secretary's decision to then ban commercial fishing so long as it is not "arbitrary, capricious, or manifestly contrary" to a statue.  *See Chevron U.S.A., Inc. v. Natural Res. Def. Coun., Inc.*, 467 U.S. 837, 843-44 (1984).   Commercial fishing being what it is, we cannot conclude that the secretary's decision was unreasonable.

AFFIRMED.